IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 15-cv-01284-CMA-CBS

WANDA BELIZ,

        Plaintiff,

v.

LOAN SIMPLE, INC., *a/k/a* ASCENT HOME LOANS,
THE CASTLE LAW GROUP, LLC,
CITIMORTGAGE, INC.,
FEDERAL HOME LOAN MORTGAGE CORPORATION,
THOMAS S. MOWLE, *in his official and individual capacities*,
MALCOM & CISNEROS, *a Law Corporation*,
RONALD W. SERVIS, *attorney*,
PATRICIA D. SACHEZ, *attorney*,

        Defendants.

---

RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR EMERGENCY
TEMPORARY RESTRAINING ORDER AND INJUNCTION

---

Magistrate Judge Shaffer

       This matter comes before the court on Plaintiff Wanda Beliz's Emergency Motion for

Temporary Restraining Order ("TRO") and Injunction [Doc. 5]. The court construes the motion

liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

But the court cannot act as a *pro se* litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991).

       On June 17, 2015, Plaintiff filed a complaint against the named Defendants. [Doc. 1].

The complaint alleges that Plaintiff entered into a mortgage loan with Ascent Home Loans on

January 12, 2005. [Doc. 1 at ¶ 14]. The complaint further alleges that — after an apparent

transfer of the loan — the Federal Home Loan Mortgage Corporation ("Freddie Mac") foreclosed on the subject property in 2013. [Doc. 1 at ¶¶ 20, 35, 40]. The complaint asserts fifteen claims including, among others, claims of fraud; violations of the Federal and Colorado Fair Debt Collection Practices Acts; conspiracy; and violations of the Colorado Consumer Protection Act. *See Id*. at ¶¶ 68-210. Through the motion for a TRO, Plaintiff seeks to enjoin Defendants from evicting her until "the alleged debt has been verified and validated. . . ." [Doc. 5 at 3].

Pursuant to Local Rule of Civil Procedure 65.1, a motion for a temporary restraining order shall be accompanied by a certificate of counsel or *pro se* party stating that "actual notice" of the motion was provided to the opposing party, or stating the "efforts made by the moving party to provide the required notice and documents." D.C.Colo.LCivR 65.1(a). Plaintiff has not included such a certificate. Instead, she has included a "Certificate of Service" stating that she mailed the present motion to 5 of the 8 named Defendants. [Doc. 5 at 4]. Based on this certificate, it appears that she has not attempted to provide notice to Freddie Mac, who — according to the allegations in the complaint — actually owns the home.[1]

The Local Rules state that courts may not consider an ex parte motion for a TRO except in accordance with Rule 65(b)(1) of the Federal Rules of Civil Procedure. *Id*. at 65.1(a)(2). Rule 65(b)(1) states in pertinent part:

> The court may issue a temporary restraining order without written
> or oral notice to the adverse party or its attorney only if . . . specific
> facts in an affidavit or a verified complaint clearly show that
> immediate and irreparable injury, loss, or damage will result to the
> movant before the adverse party can be heard in opposition.

---

[1] To the extent that Plaintiff seeks a preliminary injunction, as opposed to a TRO, the lack of notice is fatal to her request. Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction *only* on notice to the adverse party.") (emphasis added).

Fed. R. Civ. P. 65(b)(1)(A). Furthermore, a moving party must meet four prerequisites for temporary or injunctive relief: (1) demonstrate a substantial likelihood that she will eventually prevail on the merits; (2) show that she will suffer irreparable injury unless injunctive relief is provided; (3) offer proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause to the opposing party; and (4) show that the injunction, if issued, would not be adverse to the public interest. *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001).

Plaintiff asserts that the court should enter a TRO without notice because the El Paso County Sheriff has begun eviction proceedings. [Doc. 5 at 1-2]. And, with her motion, she has included a "Final Eviction Warning", dated June 16, 2015, which states that the El Paso County Court issued a Writ of Restitution, and that eviction would occur "immediately." [Doc. 5 at 5]. These allegations, however, do not establish irreparable harm because Plaintiff has not alleged that she has a present right to remain in the home. Eviction from property that one does not own does not constitute irreparable harm. *Allen v. United Props. & Constr., Inc.*, 07-cv-00214-LTB-CBS, 2008 WL 4080035, at *18 (D. Colo. Sept. 3, 2008) (citing *Wendt v. Edward D. "Tito" Smith*, 2003 WL 21750676, at *3 (C.D. Cal. 2003)). Moreover, "the public interest is best served by upholding the bright-line rule that Court interference is limited to only those extreme cases where irreparable injury is clear." *Wirth v. Hickenlooper*, 13-cv-03309-REB-KMT, 2014 WL 3954073, at * 2 (D. Colo. 2014). Thus, Plaintiff has failed to meet her burden in relation to his factor as well.

In addition, Plaintiff has not — as she must to satisfy her burden — specifically addressed whether she would succeed on the merits of any of her underlying claims. Plaintiff asserts only that she believes Defendants must "verify the alleged debt and identify the holder in

due course prior to conducting any further eviction actions." [Doc. 5 at 2]. Such assertions do not satisfy her burden. Consequently, Plaintiff has failed to set forth sufficient proof, at this stage, that she is likely to succeed on the merits of the claims asserted in her complaint.

Finally, pursuant to the *Rooker-Feldman* doctrine,[2] federal courts may not "conduct[] appellate-type review of state court judgments," including those that authorize and confirm the sale of property. *Beeler Properties, LLC v. Lowe Enter. Residential Inv'rs*, LLC, 07-cv-00149-MSK-MJW, 2007 WL 1346591, at *2 (D. Colo. 2007) (*Rooker-Feldman* "applies in cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments.") (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  According to the allegations in Plaintiff's complaint, the El Paso County Court has apparently adjudicated the parties' rights in full with regard to the subject property. Consequently, this court may not review or interfere with the further sale or possession of the property or with the El Paso County Court's foreclosure-related decisions. Such interference would require this court to substitute its judgment for those of the state court on the issue of property rights.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the court RECOMMENDS that Plaintiff's "Emergency Motion for Temporary Restraining Order and Injunction [Doc. 5] be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and

---

[2] The doctrine is named for the decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. Once Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar de novo review by the district court of the magistrate judge's proposed findings and recommendations and will result in waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve the issue for *de novo* review by the district court or appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 9th day of July, 2015.

BY THE COURT:


s/Craig B. Shaffer
United States Magistrate Judge